IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Manuel Reynoso, | ) |
| Petitioner, | ) CIV 13-01224 PHX SRB(MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

TO THE HONORABLE SUSAN R. BOLTON:

On June 19, 2013, Petitioner, proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12) on December 30, 2013. Petitioner filed a reply to the answer to his petition on January 16, 2014. See Doc. 14.

**I Procedural history**

An indictment returned August 13, 2009, charged Petitioner with one count of second-degree murder. See Answer, Exh. C. On September 4, 2009, Petitioner noticed the state trial court that he intended to raise the issue, *inter alia*, of self-defense. Id., Exh. D. On September 13, 2010, Petitioner entered into a written plea agreement with regard to the single count of the indictment, which agreement provided Petitioner would plead

guilty to one count of manslaughter. <u>Id.</u>, Exh. F.

Respondents contend that, during the change-of-plea proceedings, Petitioner's counsel provided the following factual basis for Petitioner's plea:

> Your honor, [on] August 4, 2009, in ...
> Maricopa County ... Mr. Reynoso stabbed the
> victim, Charles Heeler (phoenetic) in the
> chest with a knife which caused the death of
> Charles Heeler (phoenetic). There is no
> justification for his act. [] When the Court
> asked Reynoso if the factual basis was
> correct, he responded, "Yes."

<u>Id.</u> (Answer (Doc. 12)) at 3. <u>See also id.</u>, Exh. M at Attach. F. On November 5, 2010, Petitioner was sentenced to an aggravated term of thirteen years imprisonment pursuant to his conviction for manslaughter. <u>Id.</u>, Exh. B & Exh. G.

Petitioner initiated a timely action for state post-conviction relief, his first "of right" appeal of his conviction and sentence, by docketing a notice of post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. <u>Id.</u>, Exh. H. In the notice of post-conviction relief Petitioner alleged that the attorney who represented him during his plea negotiations informed him that there was "'no such thing as self-defense in Arizona'", and that Petitioner had not been aware of Arizona's self-defense statute until after his conviction. <u>Id.</u>, Exh. H.

Petitioner was appointed counsel to represent him in his Rule 32 action. <u>Id.</u>, Exh. I. On June 16, 2011, Petitioner's appointed post-conviction counsel advised the state trial court that, after corresponding with Petitioner and reviewing the

-2-

relevant documents, he was "unable to find any claims for relief to raise in post conviction proceedings." Id., Exh. I.

Petitioner's post-conviction counsel also sent a letter to Petitioner, informing him that counsel had reviewed the documents and arguments proffered by Petitioner, and that counsel did not believe there were any arguments that would succeed in altering Petitioner's conviction. Id., Exh. J. In the letter, post-conviction counsel informed Petitioner that he had spoken with the trial attorney about Petitioner's claims:

> As for your attorney, I wrote and asked him about your statements that he told you there was no self defense in Arizona. He wrote back and said that you two discussed that topic at length, including the State's burden of proof on the issue. He says you took the plea because if you were convicted of second degree and got the full 22 years, it would basically be a life sentence. He also mentioned a jail snitch who was going to testify against you. And, of course, there was the DNA report which did not help you.

Id., Exh. J. Petitioner's post-conviction counsel also stated to Petitioner: "the bottom line is very simple—there is evidence from which a reasonable person could believe that you recklessly killed the victim and that it was not justified." Id., Exh. J.

Petitioner was granted leave to file a pro per brief in his Rule 32 action. Id., Ex. K. Petitioner alleged that, if his trial counsel had not been ineffective, he would not have pled guilty and he would have proceeded to trial and been acquitted because he would have asserted a "duress" defense. Id., Exh. A.

In a decision denying relief issued December 23, 2011, the state trial court found that Petitioner had not established

that he had a colorable claim for relief and dismissed the petition pursuant to Rule 32.6(c), Arizona Rules of Criminal Procedure. Id., Exh. L. On January 11, 2012, Petitioner sought review of the trial court's denial of relief by the Arizona Court of Appeals. Id., Exh. M. In the petition for review Petitioner argued:

> (a) Whether the facts show that (def) Reynoso was indeed brutally attacked by a drug induced armed Charles Edward Wheeler.
> (b) Whether under Arizona law (def) satisfies the justification use of force in crime prevention applicability when (def) fought back with a pocket knife resulting in Wheeler's death (CW) will mean Charles Edward Wheeler.
> (c) Whether (def) meets the two prong test for ineffective assistance of counsel that would allow the Court to overturn (def) conviction and allow (def) remanded for an evidentiary hearing to hear arguments of duress defense.

Id., Exh. M.

Petitioner filed a second notice of post-conviction relief on March 1, 2012, before the state appellate court had ruled on the petition for review in his first Rule 32 action. Id., Exh. N. In the second notice Petitioner asserted that he was "actually innocent" of the crime of conviction, and he provided the same information provided in the first Rule 32 action. On March 16, 2012, the trial court dismissed the second Rule 32 action, noting Petitioner had failed to provide any new information and finding that his claim was precluded under Rule 32.2(a)(2), which prohibits a petitioner from raising a previously-raised issue in a subsequent post-conviction proceeding. Id. Exh. O.

-4-

In a memorandum decision issued May 30, 2013, the Arizona Court of Appeals denied relief in Petitioner's first Rule 32 action. Id., Exh. P. The Court of Appeals noted that Petitioner's allegations that he did not know of the potential to assert self-defense were "belied by the record" and that he provided no support for his claims other than his self-serving affidavit. Id., Exh. P at 3-4.

In Petitioner's federal habeas action he contends that he was denied the effective assistance of trial counsel, in violation of his Sixth Amendment rights, because his trial counsel failed to investigate a toxicology report. He also argues that he was denied the effective assistance of counsel because counsel misstated the applicable law regarding self-defense.

Respondents contend that Petitioner procedurally defaulted his federal habeas claims. Reynoso's claims are procedurally defaulted "because he did not fairly present his claims in state court and he presents no excuse for the default." Answer (Doc. 12) at X.

> Both of Reynoso's grounds for relief are procedurally defaulted because he failed to "fairly present" those claims in state court. See Dickens, 688 F.3d at 1067. The grounds for relief stated in Reynoso's habeas corpus petition are different than the claims Reynoso raised in his petition for review in state court. In the present habeas petition, Reynoso alleges that his trial counsel was ineffective for (1) failing to investigate the victim's toxicology reports and for (2) misstating the applicable law regarding self-defense. (Dkt. 1-1, at 11-12.) Neither of these claims was made in his petition to the Arizona Court of Appeals. Rather, in state court, he claimed

(1) that he was "brutally attacked" by the victim, (2) that he satisfied the "use of force in crime prevention applicability" when he stabbed the victim to death, and (3) that he met "the two prong test for ineffective assistance of counsel" regarding duress. (Ex. M.) Thus, because Reynoso failed to fairly present his claims in state court, federal review of those claims is barred. See e.g., Dickens, 688 F.3d at 1067.

Id. at 8-9.

## II Analysis

### A. Exhaustion and procedural default

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1] The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. <u>See</u> <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999). <u>See also</u> <u>Crowell v. Knowles</u>, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." <u>Wilson v. Briley</u>, 243 F.3d 325, 327 (7th Cir. 2001). <u>See also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003). In <u>Baldwin v. Reese</u>, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. <u>See</u> 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific <u>federal</u> constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. <u>See</u>, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.

> For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. *The federal claim is fairly presented if raised in the petition itself, an accompanying brief, or another similar document filed with that court.*

<u>Gentry v. Sinclair</u>, 705 F.3d 884, 897 (9th Cir.), <u>cert. denied</u>, 134 S. Ct. 102 2013) (internal citations and quotations omitted and emphasis added).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts.   28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.   See, e.g., Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006).   If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.   See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.   See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060.   Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would

-8-

1  now be barred by a state procedural rule from
2  doing so.

3  <u>Robinson v. Schriro</u>, 595 F.3d 1086, 1100 (9th Cir. 2010).

4        Because the Arizona Rules of Criminal Procedure
5  regarding timeliness, waiver, and the preclusion of claims bar
6  Petitioner from now returning to the state courts to exhaust any
7  unexhausted federal habeas claims, Petitioner has exhausted, but
8  procedurally defaulted, any claim not previously fairly presented
9  to the Arizona Court of Appeals in his first Rule 32 action.  <u>See</u>
10 <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665 (9th Cir. 2005); <u>Beaty</u>
11 <u>v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002).  <u>See also</u> <u>Stewart</u>
12 <u>v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002)
13 (holding Arizona's state rules regarding the waiver and
14 procedural default of claims raised in attacks on criminal
15 convictions are adequate and independent state grounds for
16 affirming a conviction and denying federal habeas relief on the
17 grounds of a procedural bar).  The Ninth Circuit Court of Appeals
18 recently confirmed this holding in <u>Hurles v. Ryan</u>, concluding
19 "Arizona's waiver rules are independent and adequate bases for
20 denying relief."  706 F.3d 1021, 1032 (9th Cir. 2013), <u>petition</u>
21 <u>for</u> <u>cert.</u> <u>filed</u>, 82 U.S.L.W. 3009 (Jun. 17, 2013)(No. 12-1472).
22 <u>See also</u> <u>Jones v. Ryan</u>, 691 F.3d 1093, 1101 (9th Cir. 2012).

23       The Court may consider the merits of a procedurally
24 defaulted claim if the petitioner establishes cause for their
25 procedural default and prejudice arising from that default.
26 "Cause" is a legitimate excuse for the petitioner's procedural
27 default of the claim and "prejudice" is actual harm resulting

28 -9-

1  from the alleged constitutional violation.  See Thomas v. Lewis,

2  945 F.2d 1119, 1123 (9th Cir. 1991).

3      Review of the merits of a procedurally defaulted habeas

4  claim is required if the petitioner demonstrates review of the

5  merits of the claim is necessary to prevent a fundamental

6  miscarriage of justice.  See Dretke v. Haley, 541 U.S. 386, 393,

7  124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316,

8  115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-

9  86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage of

10  justice occurs only when a constitutional violation has probably

11  resulted in the conviction of one who is factually innocent.  See

12  Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v.

13  Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual

14  innocence is necessary to trigger manifest injustice relief).

15      The Court concludes Petitioner "fairly presented" the

16  substance and factual basis for his ineffective assistance of

17  counsel claims throughout his pleadings to the Arizona Court of

18  Appeals in his first Rule 32 action.  See Gentry, 705 F.3d at

19  897-99.

20          A claim is not "fairly presented" if the state
           court "must read beyond a petition or a brief
21          ... in order to find material" that alerts it
           to the presence of a federal claim. Baldwin,
22          541 U.S. at 32, 124 S.Ct. 1347.
           * * *
23          ...a petitioner has "fairly presented" a claim
           not named in a petition if it is "sufficiently
24          related" to an exhausted claim. See Lounsbury,
           374 F.3d at 788. Claims are "sufficiently
25          related" or "intertwined" for exhaustion
           purposes when, by raising one claim, the
26          petition clearly implies another error. See
           id.

27

28                          -10-

1  <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008).

2          Additionally, the claims may be denied on the merits

3  notwithstanding any alleged failure to properly exhaust the exact

4  claims raised in his federal habeas petition.

5                **B. Standard of review of exhausted claims**

6          The Court may not grant a writ of habeas corpus to a

7  state prisoner on a claim adjudicated on the merits in state

8  court proceedings unless the state court reached a decision

9  contrary to clearly established federal law, or the state court

10 decision was an unreasonable application of clearly established

11 federal law.  <u>See</u> 28 U.S.C. § 2254(d); <u>Carey v. Musladin</u>, 549

12 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); <u>Musladin v. Lamarque</u>,

13 555 F.3d 834, 838 (9th Cir. 2009). "Under AEDPA, a federal court

14 may not grant a petition for a writ of habeas corpus unless the

15 state court's adjudication on the merits was 'contrary to, or

16 involved an unreasonable application of, clearly established

17 Federal law, as determined by the Supreme Court of the United

18 States.'" <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1390 (2012),

19 <u>quoting</u> 28 U.S.C. § 2254(d)(1).

20          A state court decision is contrary to federal law if it

21 applied a rule contradicting the governing law of United States

22 Supreme Court opinions, or if it confronts a set of facts that

23 is materially indistinguishable from a decision of the Supreme

24 Court but reaches a different result.  <u>See</u>, <u>e.g.</u>, <u>Brown v.</u>

25 <u>Payton</u>, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005);

26 <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149

27 (2004); <u>Runningeagle v. Ryan</u>, 686 F.3d 758, 785 (9th Cir. 2012),

28                                    -11-

cert. denied, 133 S. Ct. 2766 (2013).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. See McNeal v. Adams, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). See also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered *objectively* unreasonable. See, e.g., Renico v. Lett, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010); Runningeagle, 686 F.3d at 785. An unreasonable application of law is different from an incorrect one. See Renico, 130 S. Ct. at 1862; Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005). "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." Adamson v. Cathel, 633 F.3d 248, 255–56 (3d Cir. 2011). See also Howard v. Clark, 608 F.3d 563, 567–68 (9th Cir. 2010).

-12-

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Runningeagle, 686 F.3d at 763 n.1; Crittenden v. Ayers, 624 F.3d 943, 950 (9th Cir. 2010); Stenson, 504 F.3d at 881; Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05 (1982). Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Lafler, 132 S. Ct. 1389-90; Panetti v. Quarterman, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); Runningeagle, 686

-13-

F.3d at 785-86; <u>Greenway v. Schriro</u>, 653 F.3d 790, 805-06 (9th Cir. 2011).

### C. Petitioner's claims for relief

The Court concludes that Petitioner did substantively properly exhaust his ineffective assistance of counsel claims by bringing the factual predicate and the legal basis for the claims before the Arizona Court of Appeals in his petition for review in his first Rule 32 action.   The Arizona Court of Appeals discussed Petitioner's claims of error in granting review and denying relief on Petitioner's claims.   <u>See</u> Answer, Exh. P. Accordingly,   having   found   that   the   claims   were   properly exhausted, the Court will discuss whether the Arizona Court of Appeals' decision determining Petitioner was not deprived of his right to the effective assistance of counsel was clearly contrary to or an unreasonable application of Supreme Court precedent.

Petitioner   asserts   he   was   denied   his   Sixth   Amendment right to the effective assistance of counsel.   Petitioner alleges that his counsel failed to use a toxicology report to show that the victim was intoxicated or under the influence of drugs at the time of the conflict, establishing that Petitioner acted in self-defense.   Petitioner also asserts that his counsel improperly advised him regarding Arizona law on self-defense and that, absent his counsel's incorrect advice, he would not have pled guilty but would have gone to trial and asserted self-defense.

To state a claim for ineffective assistance of counsel, a   habeas   petitioner   must   show   both   that   his   attorney's performance was deficient and that the deficiency prejudiced the

-14-

outcome of his criminal proceedings. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id., 466 U.S. at 687, 104 S. Ct. at 2064. Counsel's performance will be held constitutionally deficient only if the habeas petitioner proves counsel's actions "fell below an objective standard of reasonableness," as measured by "prevailing professional norms." Strickland, 466 U.S. at 688, 104 S. Ct. at 2064-65. See also Cheney v. Washington, 614 F.3d 987, 994-95 (9th Cir. 2010). To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. See also, e.g., Harrington v. Richter, 131 S. Ct. 770, 786-88 (2011).

To succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. See, e.g., Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 369 (1985). In Hill, the Supreme Court adapted the two-part Strickland standard to challenges to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective

-15-

standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 57–59, 106 S. Ct. at 369-70. <u>See</u> <u>also</u> <u>Womack v. Del Papa</u>, 497 F.3d 998, 1002 (9th Cir. 2007).

To succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument, the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. <u>See</u> <u>Tanner v. McDaniel</u>, 493 F.3d 1135, 1144 (9th Cir. 2007); <u>Weaver v. Palmateer</u>, 455 F.3d 958, 970 (9th Cir. 2006). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Strickland</u>, 466 U.S. at 693, 104 S. Ct. at 2067. Counsel's performance is not deficient nor prejudicial when counsel "fails" to raise an argument that counsel reasonably believes would be futile. <u>See</u> <u>Premo</u>, 131 S. Ct. at 741; <u>Harrington</u>, 131 S. Ct. at 788. It is Petitioner's burden to establish both that his counsel's performance was deficient and that he was prejudiced thereby. <u>See</u>, <u>e.g.</u>, <u>Wong</u>, 130 S. Ct. at 384-85. "Surmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473, 1485 (2010), <u>quoted in</u> <u>Harrington</u>, 131 S. Ct. at 788.

"To establish a claim of ineffective assistance of counsel based on alleged erroneous advice regarding a guilty plea, a petitioner must demonstrate more than a 'mere inaccurate prediction.'" <u>Sophanthavong v. Palmateer</u>, 378 F.3d 859, 868 (9th

-16-

Cir. 2004), <u>quoting Iaea</u>, 800 F.2d at 864-5.   Additionally, although counsel can be deemed ineffective for failing to provide proper advice during the plea process, to be entitled to habeas relief Petitioner must come forth with objective evidence to show that, but for counsel's errors, he would not have accepted the plea offer and would have insisted on going to trial.   <u>See Diaz v. United States</u>, 930 F.2d 832, 835 (11th Cir. 1991); <u>Toro v. Fairman</u>, 940 F.2d 1065, 1068 (7th Cir. 1991).   Conclusory, after-the-fact statements that Petitioner would not have pled guilty do not meet this requirement.   <u>See Diaz</u>, 930 F.2d at 835.

Petitioner has not brought forward objective evidence indicating that his counsel's advice as to accepting the plea bargain was incorrect.   The Arizona Court of Appeals concluded that, as a matter of fact, Petitioner had been apprised of the Arizona law relative to self-defense and that Petitioner chose to plead guilty to manslaughter to obtain a lesser sentence. Petitioner has not brought forward objective evidence establishing that he was improperly advised and would have proceeded to trial but for his counsel's advice.

**IV Conclusion**

Petitioner exhausted his ineffective assistance of counsel claims by fairly presenting the substance of the claims to the Arizona Court of Appeals in his pleadings in his first Rule 32 action.   Additionally, notwithstanding any failure to exhaust the claims, the claims may be denied on the merits because the Arizona Court of Appeals did not err in concluding that Petitioner was not denied the effective assistance of

counsel in his plea proceedings.

**IT IS THEREFORE RECOMMENDED that** Mr. Reynoso's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna–Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or

-18-

judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 27th day of January, 2014.


_____
Mark E. Aspey
United States Magistrate Judge