NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Manuel Reynoso,<br><br>               Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>               Respondents. | No. CV-13-01224-PHX-SRB<br><br>**ORDER** |

      Petitioner, Juan Manuel Reynoso, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus raising two grounds for relief. Petitioner claimed that he was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution because his defense lawyer failed to investigate and present evidence of the victim's toxicology report, which showed that the victim was under the influence of oxycodone and alcohol at the time of his death. Petitioner also claimed that his counsel was ineffective because he erroneously advised Petitioner that his actions were reckless and without justification. Respondents filed a Limited Answer requesting that the Court dismiss the Petition with prejudice because Petitioner's claims were procedurally barred. Petitioner filed a Reply in support of his Petition.

      On January 28, 2014 the Magistrate Judge issued his Report and Recommendation finding that Petitioner had exhausted his ineffective assistance of counsel claims by fairly presenting the substance of those claims to the Arizona Court of Appeals and recommending that the claims be denied on the merits because the Arizona Court of

Appeals did not err in concluding that Petitioner was not denied the effective assistance of counsel.

Petitioner filed timely written objections on February 11, 2014 in which he argued that the oxycodone reported in the victim's toxicology report was not known by Petitioner until after he signed the plea agreement. The significance of the report, according to Petitioner, is that it shows defense counsel's advice to accept the plea bargain was incorrect. Petitioner states that his entire argument is that, because his defense counsel made no mention of the victim's blood showing a high level of oxycodone at the time of his death, this shows that counsel either failed to investigate exculpatory evidence or failed to see the relevant nature of the significance of the oxycodone. Petitioner also objects to the Magistrate Judge concluding that he failed to show objective evidence establishing that he was improperly advised and would have proceeded to trial but for counsel's advice.

Petitioner also devotes several pages of his objections to discussion of the exhaustion requirement. Because the Magistrate Judge determined that Petitioner had exhausted his claims and made a recommendation on the merits, this discussion is irrelevant.

While there is a question about whether Petitioner fairly presented his claims to the Arizona State Court, the Magistrate Judge correctly noted that notwithstanding any failure to exhaust claims the federal court can proceed with a denial of the claims on the merits. The Court agrees with the Magistrate Judge that both of Petitioner's claims, while stated differently in his federal habeas petition than presented to the Arizona Court of Appeals, relate to his claim that counsel was ineffective in advising him to accept a plea agreement and plead guilty rather than proceeding to trial and asserting self-defense. The Court also agrees with the Magistrate Judge that Petitioner has failed to show that his counsel's advice was not within the range of competence demanded of criminal attorneys. The Arizona Court of Appeals concluded as a factual matter that Petitioner had been apprised of Arizona law relative to self-defense and that he choose to plead

1  guilty to manslaughter to obtain a lesser sentence than he would have received had he
2  gone to trial and been unsuccessful in his claim of self-defense.  These factual findings
3  were made by the Arizona Court of Appeals with full knowledge that Petitioner's claim
4  in his Petition for Review was that he was brutally attacked by a drug induced armed
5  victim, the same claim he makes here in emphasizing the toxicology report. The Court
6  agrees with the findings of the Magistrate Judge that Petitioner has failed to bring
7  forward objective evidence indicating that his counsel's advice on these facts about
8  accepting a plea bargain was incorrect.  Petitioner has failed to show that he was
9  improperly advised and would have proceeded to trial but for his counsel's advice.

10  IT IS ORDERED overruling Petitioner's Objection the Report and
11  Recommendation of the Magistrate Judge.

12  IT IS FURTHER ORDERED adopting the Report and Recommendation of the
13  Magistrate Judge as the Order of this Court. (Doc. 16)

14  IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus.

15  IT IS FURTHER ORDERED denying a certificate of Appealability and leave to
16  proceed *in forma pauperis* on appeal because Petitioner has not made a substantial
17  showing of the denial of a constitutional right.

19  Dated this 12th day of March, 2014.

_____
Susan R. Bolton
United States District Judge